PENNINGTON, et al. *v.* DEPENDENTS OF SMITH

No. 40663          February 17, 1958          100 So. 2d 569

*Burgin & Reid,* Columbus, for appellants.

776

*Carter & Van Every,* Columbus, for appellees.

H{.small}ALL, J.

This is a workmen's compensation case growing out of the death of Robert Erwin Smith, Jr., as a result of a heart attack while engaged in and about the discharge of his duties as a butcher or market man in the meat market of Pennington's A B C Store No. 1 in Columbus, Mississippi. The death occurred on December 3, 1955, which was on a Saturday. The deceased went to work that morning shortly before 7 o'clock. Saturday is usually the busiest day of the week in his work. He was required to cut meat and on this particular day he was so engaged for the entire morning. It was necessary for him to go into the cooler, which was kept at a temperature of 32 to 38 degrees, and throughout the morning to bring halves and quarters of meat from the cooler into the market, which is kept at a temperature of 70 to 75 degrees. These pieces of meat weighed from 55 pounds each to 160 pounds each, and he was required to carry the same a distance of about 25 feet and it was then placed on market blocks and cut into pieces for the retail trade. This work required continuous movement of his body as well as the strain of lifting and carrying the heavy pieces of meat.

In addition to cutting the meat beforehand for the retail trade he was required to wait on customers and regularly clean and scrub the meat block, which in itself required a great deal of exertion. At about 12:30 P. M. the deceased was engaged in slicing some ham for a customer and in doing this he had to push the large piece of ham into the slicing machine and get his body in a strained and warped position while catching the small slices as they were cut off from the large block. While engaged in doing this he fell to the floor. An ambulance was called and he was carried to the hospital and pronounced dead on arrival. Two general practitioners in Columbus testified that in their opinion the physical exertion which the deceased had engaged in on that particular morning probably caused or contributed to the fatal attack, and

that there was a causal connection between the work deceased was doing and the fatal attack. A heart specialist in Jackson, Mississippi, testified by deposition on hypothetical questions that in his opinion the deceased's physical work and activities prior to and at the time of his death caused, precipitated and brought about the attack.

The only testimony for the employer and carrier was that of two heart specialists in Jackson, Mississippi, who testified by deposition in answer to hypothetical questions that in their opinion the deceased's work had nothing to do with the attack. But these two doctors both agreed that there are two lines of medical thought and that the doctors do not all agree with reference to the causation of a heart attack.

The attorney-referee found in favor of the claimants and his finding was affirmed by the Workmen's Compensation Commission and also by the circuit court and the case is now here on appeal.

The appellants contend and argue that it was necessary for the claimants to show that the deceased had a pre-existing heart condition or other physical infirmity which could be aggravated by the work of the deceased, and that in the absence of evidence proving such pre-existing heart condition the claim is not compensable.

This Court has never so held. What we have repeatedly held was and is that if the work of the deceased either aggravates a pre-existing condition *or precipitates a heart attack,* the claim is compensable. LaDew v. LaBorde, 216 Miss. 598, 63 So. 2d 56; Railway Express Agency v. Hollingsworth, 221 Miss. 688, 74 So. 2d 754; Pearson v. Dixie Electric Power Assn., 219 Miss. 884, 70 So. 2d 6.

In Larson on Workmen's Compensation Law, Sec. 38.00 the author says: "The 'by accident' requirement is now deemed satisfied in most jurisdictions either if the cause was of an accidental character or if the effect was

the unexpected result of routine performance of the claimant's duties. Accordingly, if the strain of claimant's usual exertions causes collapse from heart weakness, back weakness, hernia and the like, the injury is held accidental.''

Mr. Larson then divides exertion injuries into several classes or categories and in Section 38.30, with reference to the second category says: ''In this group are injuries which many courts, on perhaps questionable grounds, have seen fit to view as less definite and cleancut than those in the first category. A majority, but a much narrower majority, accept usual exertion as leading to accidental injury when it involves coronary thrombosis, myocarditis, dilatation of heart, arteriosclerosis, arthritis, encephalitis, bursitis, back or muscle strain, appendicitis, and the like. Here there is fairly definite structural change in the body in most instances, but the change is a little more subtle than the breaking of an arm or an aorta.''

Numerous cases are cited in Note 19 holding the claim compensable where exertion precipitates the attack without a showing of pre-existing disease.

The judgment of the lower court is affirmed and the cause remanded for supervision by the Compensation Commission of the payments due.

An attorney's fee of 33 1/3 percent of the amount of recovery is allowed to claimants' attorneys for all services rendered in this case.

Affirmed and remanded.

*McGehee, C. J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.