WILLIAMS *v.* VICKSBURG WHOLESALE POULTRY CO.

No. 40761          April 28, 1958          102 So. 2d 378

*Prewitt & Bullard,* Vicksburg, for appellants.

*Vollar & Thames,* Vicksburg, for appellees.

HALL, J.

This is a claim of the dependent wife and two children of Leon Williams, deceased, under the Workmen's Compensation Law. The attorney-referee denied the claim and his action was affirmed by the Compensation Commission and by the Circuit Court of Warren County, and is brought here on appeal from the judgment of the circuit court.

There is no substantial dispute in the evidence. Leon Williams had been working for the Vicksburg Wholesale Poultry Company for about three or four years. His principal duty was to drive a panel truck with two rear doors and deliver packaged poultry to various retail outlets in the City of Vicksburg. On June 26, 1954, while unloading poultry shortly after noon, his leg just above the knee struck one of these doors and as a result it was lacerated for a distance of one inch or more, and he bled considerably from the wound but continued to work with his deliveries until he returned to the master's place of business at about 5 P. M. The owner of the business saw that his pants leg was saturated with blood and inquired what had happened, and on being informed thereof he sent Leon to see Dr. Messina, whose office was just a short distance from the place of business of the Vicksburg Wholesale Poultry Company. Dr. Messina sutured

the laceration and administered tetanus antitoxin and penicillin and released Leon for the day. Leon went home and his wife noticed the blood and she testified that the blood was not only saturating his pants leg but was also in his shoe.

The laceration continued to bleed slowly until about midnight when Leon went to the Vicksburg Infirmary and called Dr. Messina, who treated him in the hospital that night, and he was an out-patient at Dr. Messina's clinic until July 5, 1954, when Dr. Messina released him to return to his job. However on the morning of July 9, 1954, when Leon reported for work he was suffering with dizzy spells and his employer sent him back to see Dr. Messina, who immediately put him in the hospital and Leon died on July 16, 1954, as the result of bleeding to death from a massive gastro-intestinal hemorrhage and malignant hypertension.

It is undisputed that the deceased had not suffered with any kind of disease, that he worked full time, as good as any driver the Company had had, and never lost any time and appeared to be in good health according to the owner of the Company. Other than the widow and the boss man only two other witnesses testified. One was Dr. W. K. Purks, who never saw the deceased and knew nothing whatsoever about the case and testified solely from what he had learned from Dr. Messina's records and the hospital records. Dr. Purks never did give an opinion as to the probable cause of death. He gave several things that could possibly have caused it, but he did not express a positive opinion as to the cause of death. The record shows that the deceased's blood pressure was 140 and went up to 210 between the 26th and 29th, and Dr. Purks did say that the injury to the deceased does have some emotional reaction on an individual and can conceivably affect the blood pressure, but from the records which he saw he could find nothing to support the impression that the deceased had malignant hyper-

tension, and he was unable to find anything from the record to show that the accident in question had any causal connection to the death. Viewing Dr. Purks' testimony as a whole, there is absolutely nothing in it on which a finding of no liability could be based.

Dr. Messina testified that he discovered the malignant hypertension on July 9th. He was a witness for the defendants and on cross examination he said that it is probable that the injury in question contributed to the death in that probably the accident aggravated the hypertension. Dr. Messina is the only doctor who saw or treated the deceased and in the face of his testimony the attorney-referee found that the death was not causally related to the accidental injury of June 26th.

In Sones v. Southern Lumber Co., et al., 215 Miss. 148, 153, 60 So. 2d 582, we said: "In cases where the finding of the Commission on a disputed question of fact is supported by substantial evidence we are not authorized to reverse its judgment. In this case however there is no dispute as to the facts and the matter for decision is one of law."

In Lucedale Veneer Co. v. Rogers, 211 Miss. 613, 48 So. 2d 148, on the suggestion of error at pages 623, 624, we said: "The statute provides that the circuit court on appeal 'shall review all questions of law and of fact', and that if no prejudicial error be found the order of the commission shall be affirmed and remanded to the commission for enforcement, but 'If prejudicial error be found, the same shall be reversed and the circuit court shall enter such judgment or award as the commission should have entered.' The right of appeal and the right to have the court review all questions of law and of fact would be of little value to the party who felt aggrieved at the order of the commission if the court on appeal were unable to reverse the order of the commission in a case where the court found that such order was based upon findings of fact which were contrary to the weight of the

evidence or upon an erroneous interpretation of the applicable provisions of the statute. That principle, we believe, has never been adopted by any state which has a workmen's compensation act containing provisions for a review on appeal of all questions of law and of fact similar to our own; and among the cases cited by appellant's attorneys in their very able brief in support of contentions made by them on other points involved in this appeal there are many cases in which the court on appeal has reversed the order of the commission on the ground that the order was based upon findings which were not supported by the weight of the evidence or upon an erroneous interpretation of the provisions of the statute itself.'' In that case we also said on page 635: ''Uncontradicted or undisputed evidence should ordinarily be taken as true by the triers of the facts. More precisely, evidence which is not contradicted by positive testimony or circumstances, and is not inherently improbable, incredible, or unreasonable, cannot be arbitrarily or capriciously discredited, disregarded, or rejected, even though the witness is a party or interested; and unless shown to be untrustworthy, is to be taken as conclusive, and binding on the triers of fact. 32 C. J. S., Evidence, Section 1038, page 1089.''

In Cowart v. Pearl River Tung Co., 218 Miss. 472, 482, 67 So. 2d 356, we said: ''As stated in paragraph four of this opinion, the sole question presented to the attorney-referee and the commission for decision was whether or not the death of the employee was caused from an injury arising out of and in the course of her employment, whereas the sole question presented to us for decision as an appellate court is whether or not there was such substantial conflict in the testimony as to afford the attorney-referee and commission a reasonable basis for the denial of the claim as the triers of fact. On the

issue of whether or not the exertion which was occasioned by the employee stooping and bending to pick up the tung nuts from the ground, had contributed to, aggravated or accelerated the employee's blood pressure so as to precipitate the rupture of the blood vessel on the brain, we do not think there is sufficient conflict in the testimony of the two physicians who testified in the case to justify the denial of the claim for compensation.''

We conclude that in our opinion there is no substantial evidence in the record to support the finding of the attorney-referee, and that the order of the Workmen's Compensation Commission approving this finding is clearly erroneous as well as the order of the circuit court affirming the Commission's order. The case will therefore be reversed and a judgment here entered in favor of the claimants, and it is remanded to the Commission for supervision of the payments due.

Reversed, judgment here, and remanded.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.