SHANNON *v.* CITY OF HAZLEHURST, MISS., et al.

No. 41310          December 14, 1959          116 So. 2d 546

*Arrington & Arrington,* Hazlehurst, for appellant.

*Armstrong & Hoffman*, Hazlehurst, for appellees.

Hall, J.

This is another workmen's compensation case. The record shows that Henry Shannon was employed by the City of Hazlehurst as a garbage collector, his duties requiring him to work 7 days a week along with one Rudel Hilliard as a working partner. On January 18, 1957, beginning about 4:00 o'clock in the morning, they started sweeping trash on one of the main streets of Hazlehurst. This they loaded into a truck, furnished them by the City, by means of a large shovel. The sides of the truck were 6 feet 6 inches above the ground. After they had used the shovels or scoops in picking up this trash and throwing it into the truck they moved off

the street and into an alley behind the business section and picked up 5 cans of garbage and then went into a garbage bin and commenced loading garbage from the bin into the truck. Henry threw his scoop into the truck and went back into the bin. Rudel missed him and then went into the bin to see about him and found him lying down flat of his back in the bin in an unconscious condition. Henry was never able to get out of the bin and Rudel called a policeman on duty and they carried him to the hospital. Dr. Thomas F. McDonnell was subject to call at that time and he was immediately called to the hospital and upon his arrival he found Henry already dead.

Dr. James G. Blaine, a partner of Dr. McDonnell, examined Henry on January 1, 1957, and found him suffering with virus bronchitis. He also examined Henry on January 4, 1957, and in signing the death certificate in this case Dr. Blaine stated that Henry died of myocarditis due to acute virus pneumonitis. And in his testimony Dr. Blaine stated that Henry's work contributed to his death and that in signing the death certificate he correlated the type of death with the findings he had seen in his treatment during Henry's lifetime.

Dr. Clifford Tillman, a specialist in cardiology, testified, in answer to a hypothetical question, that Henry's work probably precipitated his death; and that in view of Henry's age, the suddenness of death, and his activity at the time of death it was his opinion that statistically the chances of this being a death due to a heart attack would be at least 80%, or higher.

The defendant in the case undertook to rebut the presumption arising from death while in the discharge of his duty, and introduced Dr. J. P. Melvin, Jr., a cardiovascular specialist, who said that in his opinion Henry died of coronary occlusion, that about 85% of such cases can be classified as coronary occlusion, and that his opinion is statistically overwhelming, usually about 85%,

but he expressed the opinion that he did not think that Henry's work caused or aggravated or precipitated his death. However, on cross examination he stated that if the deceased had chest pains on January 1 and continued working and no diagnosis of heart disease was made he would have to go along with the medical testimony of the doctor who examined Henry, and that he does not prescribe exertion for a patient suffering with a serious involvement of the heart; and that the exercise and manual labor he was performing would have an adverse effect on his heart condition and that it would have contributed to the resulting death.

In a further effort to rebut the presumption asising in a case where an employee is found dead while on the job in the discharge of his duties, the defendant offered Dr. J. Manning Hudson, a specialist in internal medicine, who testified that nobody could say with certainty as to the cause of death and that he was unable to express an opinion with any decree of certainty, but on cross examination he said that the work in his opinion contributed slightly to death and that he does not prescribe exertion for a patient with heart trouble.

In a further effort to rebut the presumption the defendant introduced the deposition of Dr. J. Ralph Goldman, a cardiologist of Memphis, Tennessee, who stated definitely that never having seen the deceased and personally knowing nothing about his condition it was utterly impossible for him to give a definite cause of death in the absence of an autopsy, which, in this case, was not performed.

In a further effort to rebut the presumption the defendant offered the deposition of Dr. George E. Burch, a cardiovascular specialist of New Orleans, who testified that in his opinion the cause of death was most likely vascular in origin, but that it was impossible to make an absolutely correct diagnosis of the cause of death in the absence of an autopsy.

On the basis of the foregoing testimony the attorney-referee rendered an opinion denying the claim and in the course of his opinion he pointed out that the work being performed by the deceased was not of the strenuous nature involving exertion. Two members of the Workmen's Compensation Commission entered a short order affirming the attorney-referee. On appeal to the circuit court, that court likewise affirmed it.

In the case of Majure v. Alsup and Associates, 216 Miss. 607, 63 So. 2d 113, this Court laid down and approved the rule that: ''It is generally held that when it is shown that an employee was found dead at a place where his duties required him to be, or where he might properly have been in the performance of his duties during the hours of his work, in the absence of evidence that he was not engaged in his master's business, there is a presumption that the accident arose out of and in the course of the employment within the meaning of the compensation acts.'' In that case we held that the presumption on the facts had been fully rebutted, and liability was denied.

In the case of Pearson v. Dixie Electric Power Assn., 219 Miss. 884, 70 So. 2d 6, we laid down the same rule and held that the defendant had not rebutted the presumption and reversed the Compensation Commission and awarded a recovery.

In the case of Winters Hardwood Dimension Co., et al v. Dependents of Dave Harris, 112 So. 2d 227, not yet reported in the State Reports, we repeated the statement aforesaid of the presumption and affirmed a judgment in favor of liability.

In the case of Russell v. Sohio Southern Pipelines, Inc., 112 So. 2d 357, not yet reported in State Reports, we repeated the presumption and reversed the decision of the attorney-referee, the full commission, and the circuit court and awarded compensation to the claimants.

In the case of Goodnite v. Farm Equipment Co., et al, 234 Miss. 342, 103 So. 2d 391, we repeated the rule and reversed the commission and awarded judgment in favor of claimant.

In the case of Lewis v. Trackside Gasoline Station, et al, 233 Miss. 663, 103 So. 2d 869, we referred to the presumption and said that the deceased was denied the benefit of all presumptions to which he was entitled, and we reversed the finding of the attorney-referee and the commission as well as the judgment of the circuit court, and awarded judgment in favor of the claimants.

We have laid down this presumption so many different times that it is astonishing to us that the attorneys-referee and the commission will continue to ignore and disregard it, and we trust that in the future the lower tribunals will no longer disregard and ignore the law.

In his opinion in this case the attorney-referee stressed the fact ''that the work being performed by the deceased was not of the strenuous nature involving unusual exertion.'' In the case of Pennington v. Smith, 232 Miss. 775, 100 So. 2d 569, we quoted authority to the effect that it is not necessary to show unusual exertion, but that all that is necessary is to show the strain of usual exertions contributed to the attack.

In the case of Cowart v. Pearl River Tung Co., 218 Miss. 472, 482, 67 So. 2d 356, 360, we held that the usual exertion occasioned by the work in picking up tung nuts contributed to the injury and death was all that was necessary to be shown.

In the case of Williams v. Vicksburg Wholesale Poultry Co., et al, 233 Miss. 384, 102 So. 2d 378, we quoted from the Cowart case and affirmed the rule there laid down.

In the case of Poole v. R. F. Learned & Son, 234 Miss. 362, 103 So. 2d 396, where the attorney-referee and the commission found as a fact that Poole had a heart attack prior to his death and where they stated that undue

exertion would be harmful to his condition but "the activities of his employment were not such exertion" so that there was no connection between his employment and death, we held that the commission erred in holding that "undue exertion" was necessary in order for there to be a compensable injury, and we further said it is not necessary to show that the exertion which occurred in precipitating the harm was in itself unusual or beyond the routine of the employment.

In the case of Russell v. Sohio Southern Pipelines, Inc., supra, we said that "no unusual exertion on the part of the employee is necessary to make the claim compensable, where it is clear that there is a causal connection between the work of the employee and injury or death."

We think it would be well for the attorneys-referee and the commission to familiarize themselves with what we have been holding with such regularity and to follow the same in the future so as to obviate the delay and expense of causing an employee or his dependents to have to appeal to this Court for redress.

For the reasons given the judgments of the attorney-referee, the commission, and the circuit court are reversed and a judgment will here be entered in favor of the appellant allowing the compensation claimed, and the cause remanded to the commission for supervision of the payments due.

An attorney's fee of 33⅓ percent is hereby awarded to the attorneys for appellant as well as interest on each installment of compensation as the same became due at the rate of 6% per annum.

Reversed and judgment here for appellant and cause remanded.

*McGehee, C. J.,* and *Lee, Holmes,* and *Ethridge, JJ.,* concur.