Miss-Lou Equipment Company *v.* McGrew

No. 42708          June 3, 1963          153 So. 2d 801

*Fred J. Lotterhos, Jr., Daniel, Coker & Horton,* Jackson, for appellants.

*Prewitt & Bullard,* Vicksburg, for appellee.

McELROY, J.

Many cases, too numerous to cite here, hold that the circuit and appellate court "will not reverse the findings of fact by the attorney-referee and Commission if there is substantial evidence to support them, or, stated differently, that we will not so reverse, unless such findings are manifestly against the weight of the evidence." California Eastern Airways v. Neal, 228 Miss. 370, 87 So. 2d 895.

The petition for review was filed by both appellee and appellants from the attorney referee's order, and the commission's findings of a ten percent permanent partial disability of the claimant, the appellee contending for one hundred percent permanent disability, and the appellants contending for no permanent disability. A majority of the commission affirmed the attorney referee's order. The case was appealed to the Circuit Court of Warren County, Mississippi, and the circuit judge modified the commission's award and fixed permanent disability at fifty percent, and affirmed the majority commission's award as modified, and dismissed the cross-appeal of the appellants.

■■ ■ The appellee, McGrew, testified that he was injured on April 22, 1961 at Vicksburg, Mississippi, when he slipped and struck his back while doing heavy mechanical work on a tractor; that he had been under treatment from the day of injury by Dr. Donald T. Imrie; that his duties at the Miss-Lou Equipment Company where he last worked involved heavy lifting and straining; that he did not work for appellant, his employer, after September 29, 1961 because of his back; that he first lost time because of the accident May 15, 1961, and that he was off until June 4, at which time he returned to work and except for a day and a half here and there worked on up through August and September; but that due to the continuous hurting of his back and the fact that he could not get light work to do, he discontinued his work; and that he was examined by Dr. William C. Warner in December, 1961.

Dr. Donald T. Imrie, orthopedic surgeon of Vicksburg, Mississippi, testified that he treated the claimant May 15, 1961 when he was referred to him by Dr. Herman E. Kellum, Jr. He was admitted to the hospital, and Dr. Imrie made a diagnosis of possible herniating nucleus pulposus, which he followed by conservative treatment. Dr. Imrie further testified that in his opinion the ap-

pellee had had a mild herniation of the intervertebral disc which had settled back, that there was no longer any nerve irritation, and that the back should be treated as a back strain. Dr. Imrie testified that after he discharged appellee, he thought he could do mechanic's work if he had help for heavy lifting, that he should be careful about heavy lifting and should not try to lift more than one hundred pounds by himself, and that it would be best for him not to lift over twenty-five pounds. Dr. Imrie said that in his opinion appellee probably had an ailment of so-called psoriatic arthritis which might have been responsible for his slow recovery. Dr. Imrie testified also that after he discharged him, appellee was probably as well as he was before he saw him, and that he thought he would be able to carry out the duties of a mechanic, subject to precautions given him. ''I think he would be able to carry out the duties as a mechanic and I thought that he should be cautious about how he lifted and avoid the extremes of heavy lifting.'' It was his opinion that the claimant would be subject to back strain and that he had a vulnerable back partly due to the psoriatic arthritis.

Dr. William C. Warner, orthopedic surgeon of Jackson, Mississippi, testified that he examined claimant on December 1, 1961, at which time he had a history of the diagnosis and treatment by Dr. Kellum and Dr. Imrie. He testified that the claimant, at the time he examined him, was complaining of discomfort in his lower back. His examination disclosed a range of motion in the back satisfactory for his age, and the neurological examination also was considered normal. He testified that he noted a slight accentuation of the lumbar curve in the back, and minimal degenerative changes about the spine. He testified that from the history as related to him, he assumed that claimant, appellee, had a low back sprain, and possibly a contusion of the back, and that he had apparently recovered from this. He said

that the claimant in his opinion had received very good treatment from Dr. Imrie, his treatment being rather extensive, and in his opinion had recovered from his injury. He testified that it was his impression that claimant should return to his work, and that his examination showed no apparent trauma, that no diagnosis was made at that time, and that he assumed that he had recovered and no disability had been incurred.

The Mississippi Workmen's Compensation Act, and specifically Section 6998-02 of the Mississippi Code of 1942, Section 2 of the Act provides at (9):

" 'Disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment, *which incapacity and the extent thereof must be supported by medical findings.*"

From the evidence the commission found that the claimant had sustained a ten percent permanent partial disability to the body as a whole from October 5, 1961.

Compensation was voluntarily paid for temporary disability based on average weekly earnings of $87.50 and complainant had been paid this from April 22, 1961 until the findings by the commission.

The learned circuit judge affirmed the commission's findings of permanent partial disability, but raised the amount from ten percent to fifty percent. In Southeastern Construction Company v. Dependent of S. W. Dodson, decided May 20, 1963, it was held that the amount of disability was to be determined by the commission.

The court is confronted in workmen's compensation cases by the fact that the commission might have reached several different findings, and it is often misleading to the attorneys in trying to substantiate their position, and the mere fact that the commission might have made a different finding does not mean that there is substantial

evidence to justify the attorneys' theory of the case. In other words, the commission is in the same position as a jury, which might have brought in a verdict for either the plaintiff or the defendant, and where the jury has enough evidence to justify its findings the court affirms the case.

In workmen's compensation cases there may be substantial evidence to justify the commission in allowing the claim in toto or there may be substantial evidence to disallow the claim, or there may be substantial evidence to find a partial disability, as in this case, and the commission may have been justified in either finding.

We believe that there is substantial evidence to affirm the findings of the attorney referee and the commission, and that the circuit court was in error in modifying the percentage of disability, and that the ten percent partial permanent disability allowed by the attorney referee and the commission should be affirmed.

The case is therefore reversed and the order of the attorney referee and the Mississippi Workmen's Compensation Commission allowing ten percent permanent partial disability is ordered reinstated and the commission's order is affirmed.

Reversed and order of Workmen's Compensation Commission reinstated and affirmed.

*McGehee, C. J., and Gillespie, Rodgers, and Jones, JJ.,* concur.