260 So.2d 827 (1972)
UNIVERSAL MANUFACTURING COMPANY and Travelers Ins. Company
v.
Willie BARLOW.
No. 46593.
Supreme Court of Mississippi.
April 3, 1972.
*828 Daniel, Coker, Horton, Bell & Dukes, L. Kenneth Krogstad, Jackson, for appellants.
Pyles & Tucker, Jackson, for appellee.
RODGERS, Presiding Justice.
This is a workmen's compensation claim. The claim was dismissed by the attorney referee and the claimant Willie B. Barlow appealed to the full Commission. The Commission determined that the claimant was entitled to compensation for aggravated injury to a preexisting condition and was entitled to temporary total disability from April 26 to June 20, 1969, and temporary partial disability from June 20 until October 17, 1969, with total loss of wage capacity during the period of temporary partial disability. The Commission also held that the temporary aggravation subsided on October 17, 1969, and no permanent disability attributable to the temporary injury occurred after that date. The claimant appealed from the order of the Commission. The employer and insurance carrier cross-appealed.
The Circuit Court of Simpson County, Mississippi, affirmed the order of the Workmen's Compensation Commission but also held that the date (October 17, 1969) fixed by the Commission as being the date when the temporary injury subsided was erroneous and the employer and carrier were ordered to furnish the claimant further medical treatment and the compensation fixed and ordered by the Commission was continued until the claimant reached *829 maximum medical recovery. The court remanded the claim to the Workmen's Compensation Commission for further proceedings consistent with the opinion of the Circuit Court. The employer and carrier have appealed to this Court and now contend that the claimant failed to prove that his injury of March 29 arose out of and in the scope of his employment; and that the Circuit Court exceeded its authority by re-evaluating  de novo  the testimony previously passed upon by the Commission so as to reach a conclusion from the evidence adverse to the holding of the Workmen's Compensation Commission. Finally  appellants argue that in any event the medical testimony shows without contradiction that the claimant did not sustain permanent disability as a result of his injury.
The claimant is a large man. He was employed as a coil expeditor. He was required to move coils weighing 30 to 50 lbs. Some of these coils were in boxes on shelves eight feet high. Some other coils weighed 50 to 60 lbs. On March 29, 1969, the claimant was in the process of counting the coils. This required moving and weighing the coils. He had help in performing this task. While he waited for some of the coils to be moved he went into the cafeteria to sit at a table where he could make out his forms on which to make the count of the coils. As the claimant arose to return to the assigned task he experienced a severe pain in his back, and for several seconds he could not arise. He finally went back to work and performed his count of the items to be inventoried. He had to climb to count the boxes on the top shelf, and he had to bend over to count the items on the floor. The following Monday the claimant went back to work and continued working for about two weeks. He finally notified his superintendent of his injury. He then went to the company doctor, Dr. William G. Munn, and was given some medicine. The next week, Dr. Munn sent claimant to Dr. William B. Thompson, an orthopedist in Jackson, Mississippi. Dr. Thompson took X-ray pictures of his back, and claimant was hospitalized at Mendenhall for ten days. He was again examined by Dr. Thompson in Doctor's Hospital where X-ray pictures were taken. The doctor prescribed a back brace and told him to return to work, but his employer would not permit him to work while he wore the back brace. After wearing the brace for two months he again applied for work but was not employed.
Dr. Thompson was of the opinion from the X-ray pictures that the spine revealed a destructive process involving the eleventh thoracic vertebrae with some bony bridging in D-10 through D-12; that this represented an old lesion, probably a healed aneurysmal bone cyst.
Dr. Thompson stated that he found an old pathological process involving D-10 through D-12 and that this condition had existed for several years.
Claimant went to Dr. Orlando J. Andy for treatment. Dr. Andy found a defect between L-1 and T-9 and described it as a preexisting mass; that there was a narrowing of one of the disc spaces but that this probably existed before the date of the alleged injury. He stated that the nature of the mass was unknown, but that the claimant's activity undoubtedly contributed to and aggravated his condition. He recommended surgical exploration and decompression of the spinal cord and nerve roots at T-10 through T-12.
The appellant contends that the claimant failed to prove that his injury arose out of and in the scope of his employment, because it is said that both Dr. Thompson and Dr. Andy agreed that claimant's condition had existed for some time prior to the alleged injury. Dr. Thompson identified the enlarged mass as an old healed aneurysmal bone cyst. Dr. Andy said the etiology of the mass was unknown and could be anything from a franulomas lesion such as tuberculosis to a staphylococcal infection.
The appellant Universal Manufacturing Company and its insurance carrier cite *830 several cases, none of which meet the issue that the work need not be the sole cause of a compensable injury.
Dr. Andy testified that "the patient's job activity undoubtedly contributed to aggravating the patient's condition."
The Workmen's Compensation Commission accepted this testimony as being sufficient on which to award temporary total disability compensation and temporary partial disability compensation. The Circuit Court affirmed the Commission on this point.
We do not think it is necessary for us to cite authority to the effect that pre-existing disease or infirmity does not disqualify the claim if it is determined that the claimant's work aggravated the infirmity so as to produce the disability. See Dunn's Mississippi Workmen's Compensation, 2d Ed., § 164, p. 214 (1967).
Dr. Thompson treated the claimant for a ruptured disc in the lower lumbar spine. He considered as merely incidental the mass condition of the upper lumbar spine, and after determining that the patient was not suffering from a ruptured disc he discharged the patient. The claimant then sought treatment from Dr. Andy, who performed a myelogram and discovered the mass encroaching upon the spinal canal at the level of T-11 and T-12. He determined that the patient was suffering from nerve root irritation and compression of the spinal cord. He testified that the patient was totally unable to work as of October 27, 1969. The Commission was of the opinion that the claimant's disability subsided on October 17, 1969, ten days before Dr. Andy found the claimant to be totally disabled. Dr. Thompson returned the claimant to work on June 20, 1969, and discharged him as having reached maximum medical recovery on August 5, 1969. There is no evidence in the record to substantiate the finding that the claimant had recovered on the date fixed by the Commission; viz, October 17, 1969. Dr. Thompson testified that he had an opinion on this subject as of October 17, 1969, but we do not find where he was permitted to give his opinion. Later he wrote a letter to claimant's attorneys dated October 22, 1969, in which he stated "on the basis of my examination today he is discharged without evidence of permanent disability." This evaluation was dated five days after the date fixed by the Commission as being the date of the maximum medical recovery of claimant.
The Circuit Court reversed the order of the Workmen's Compensation Commission, but ordered payment of compensation until October 17, 1969, as was decided by the Commission and ordered payment to be made thereafter until maximum medical recovery was obtained by the claimant.
It is apparent from the evidence that the Commission was correct in holding that the preexisting infirmity was aggravated by the work activity of claimant's employment and was, therefore, a compensable injury. The Commission determined that the injury was of a temporary nature. The claimant contends that he had at least a partial permanent injury to the end that he is entitled to workmen's compensation and medical benefits until he reaches maximum medical recovery and which should include an operation upon the preexisting spinal mass to relieve the pressure upon the spinal cord.
On the other hand, the appellants, employer and insurance carrier contend that the claimant has recovered from the injury caused by his employment, and that his present condition is the result of the pre-existing deformity or infirmity for which the employer is not liable.
It has been a predominant rule in the field of workmen's compensation cases in this state for some time that where a workman had some preexisting infirmity which was dormant or inactive so that he was able to pursue the normal work requirement of his employment, but because of an injury resulting from the workman's *831 employment his dormant infirmity was lighted up or activated so that the injury and the infirmity combined together to cause him to become totally or partially disabled, his disability was compensable. See the many cases cited by Dunn's Mississippi Workmen's Compensation, 2d Ed. § 94, p. 124 (1967).
The appellant complains that the Circuit Court had no authority to evaluate the evidence but is required to accept the finding of the Workmen's Compensation Commission as being the facts without regard to whether or not the conclusions reached by the Commission are established by the evidence.
It is true that it is not the province of the appellate courts to pass upon the weight of the evidence where the evidence is conflicting, nor to determine where the preponderance lies. Miss-Lou Equipment Co. v. McGrew, 247 Miss. 142, 153 So.2d 801 (1963); Babcock & Wilcox Co. v. McClain, 149 So.2d 523 (Miss. 1963); United Funeral Homes, Inc. v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961); Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So.2d 356 (1953). However, the courts have often reversed the Workmen's Compensation Commission when that commission acted against the great weight of the testimony. See: M.T. Reed Construction Co. v. Garrett, 249 Miss. 892, 164 So.2d 476 (1964); Williams v. Vicksburg Wholesale Poultry Co., 233 Miss. 384, 102 So.2d 378 (1958); International Paper Co. v. Handford, 223 Miss. 747, 78 So.2d 895 (1955).
An examination of the entire record in this case has convinced us that the Circuit Court was correct in its holding, both as to the causal connection of the injury with the claimant's employment and as to the fact that claimant's injury has not subsided so that he may resume gainful employment. We are also of the opinion that the claimant is entitled to medical treatment for the injury incurred as a result of his work. This is true, although part of his injury is the result of a preexisting infirmity. It has been said that total disability, whether temporary or permanent, has been defined as that which prevents the employee from doing the substantial acts required of him in his usual occupation. Dunn's Mississippi Workmen's Compensation, 2d Ed., § 74, p. 93 (1967).
Although it is true that the Workmen's Compensation Commission is the trier of facts and its orders will be affirmed by this Court where there is substantial evidence to sustain its finding, nevertheless, the substantial evidence rule is sufficiently flexible to permit the Supreme Court to examine the record as a whole and to check the errors. The purpose of the rule is to assure that the Compensation Act may be applied justly, in a reasonable manner and with due regard to the beneficent purposes of the act. Dunn's Mississippi Workmen's Compensation, 2d Ed., § 289, p. 403 (1967).
This Court will not hesitate to reverse the holding of the trier of fact if the record reveals that the order of the Commission is based upon a mere scintilla of evidence.
We hold, therefore, that the Circuit Court was correct in reversing the order of the Workmen's Compensation Commission and in finding that the claimant is entitled to disability benefits and medical treatment until such time as the Commission finds that the claimant has reached maximum medical recovery.
Affirmed.
JONES, PATTERSON, INZER and ROBERTSON, JJ., concur.