484 So.2d 1025 (1986)
GEORGIA-PACIFIC CORPORATION
v.
Mary VEAL.
No. 56060.
Supreme Court of Mississippi.
February 26, 1986.
*1026 Crymes G. Pittman, Robert G. Germany, Cothren & Pittman, Jackson, for appellant.
Betty R. Todd, Saunders & Todd, Jackson, Calvin B. Wells, Wells & Blalock, Natchez, for appellee.
Before WALKER, P.J., and HAWKINS and ROBERTSON, JJ.
HAWKINS, Justice, for the Court:
Georgia-Pacific Corporation (Georgia-Pacific), a Georgia corporation qualified to do business in Mississippi, is engaged in the wood processing business, and a self-insurer as to workmen's compensation claims. Mary Veal is a resident of Crosby. Georgia-Pacific appeals from a judgment of the Amite County Circuit Court in favor of Veal to reverse the order of the Workmen's Compensation Commission (Commission), which denied Veal's motion to reopen her case. The Commission had earlier awarded Veal compensation for a compensable injury she incurred while working at Georgia-Pacific.
The issue we address on this appeal is whether the Commission's denial of Veal's motion to remand her case to the administrative law judge for consideration of additional benefits was supported by substantial evidence.
We find there was, and therefore reverse the circuit court judgment, and reinstate the Commission's order.

FACTS
Veal's job duties involved reaching and pulling lumber over her head. After the lumber was pulled, it was stacked in a buggy and pushed away.
On August 8, 1978, just after Veal had lunch, she reached over her head to pull some lumber and felt a sharp pain in her left shoulder. She reported the injury to her shift supervisor, but completed the shift.
On June 29, 1979, Veal filed a motion to controvert with the Commission. Georgia-Pacific answered, denying that Veal incurred a compensable injury while working at Georgia-Pacific.
Testimony was heard on this claim on October 23, 1979, in Natchez, Adams County, Mississippi.
Dr. W.B. Larkin, a general practitioner, first saw Veal on August 9, 1978, and she complained of pain in her neck and arms. He diagnosed cervical arthralgia with cervical neuritis, pain-associated syndromes from muscle strain. Veal did not significantly improve from Larkin's treatment. Dr. Larkin referred Veal to Dr. John C. Passman.
John Carl Passman, M.D., an orthopedist, testified for the claimant and stated that Veal complained of pain in her left shoulder. An initial physical examination on August 24, 1978, revealed decreased range of motion of the neck with severe spasms of the left trapezius muscle, and marked tenderness in the left supraclavicular area. X-rays revealed some degenerative changes in the C-5,6 area and with a little forward angulation of the C-5 vertebra, compatible with degenerative changes in a 40-year-old woman. Dr. Passman made a diagnosis of cervical disc syndrome, and admitted her to the hospital on August 24, 1978, placed her *1027 in traction, and gave her physical therapy, and analgesics, anti-inflammatory drugs and pain medication.
Veal returned to Dr. Passman's office on September 26, and had a markedly swollen hand, not associated with the August 9 injury.
Veal returned to Dr. Passman's office again on October 5, 1978, having further problems with the neck and left upper extremities. Dr. Passman referred Veal to Dr. Bernard Patrick, a neurosurgeon, and his opinion was that Veal did not have a cervical disc rupture. Dr. Patrick found tenderness over the affected area, and recommended continuation of conservative treatment.
After reviewing the evidence presented by Georgia-Pacific and Veal, the administrative law judge issued a written order on December 5, 1980, stating that Veal sustained a compensable injury on August 8, 1978, resulting in her being temporarily and totally disabled from August 8, 1978, until October 11, 1979. Georgia-Pacific did not appeal.
Veal filed a motion to remand on October 12, 1981. Proof was taken on this motion on July 7, 1982.
Veal was recalled as a witness and testified that she was still having pain in her arms and shoulders. Veal stated that in addition to the complaints she made at the earlier hearing, she now had swelling in her legs, ankles and back and numbness in her hands and fingers.
Dr. Passman testified that he did not see any difference in Veal's complaints or her physical findings from August 24, 1978, until July 7, 1982. He thought Veal was totally disabled, but could not relate this diagnosis to any specific injury.
Dr. David Ball testified for Georgia-Pacific and stated that he examined Veal on March 21, 1983, and she related to him a general history of her injury and the pains she experienced in her shoulders, back and neck. Based on Dr. Ball's examination, he could not assign any specific disability in Veal's case other than that of a mild degenerative osteoarthritis of the neck or cervical spine. Dr. Ball felt this was primarily consistent with Veal's age, and he did not in any way attribute her present symptoms and findings to her work or the accident on August 8, 1978.
On October 24, 1983, the administrative law judge denied claimant's motion to remand and the full Commission affirmed on April 17, 1984. On October 30, 1984, the circuit court of Amite County reversed the decision of the full Commission.

LAW
The substantial evidence review test was established many years ago. In United Funeral Homes v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961), this Court stated the following:
We think that the test is whether or not the decision of the commission is supported by substantial evidence, and that if so the decision of the commission should be upheld.
In Babcock and Wilcox Co. v. McLain, 149 So.2d 523 (Miss. 1963), this Court stated:
In this case the circuit court reversed the Commission because in its opinion the claimant had proved by a preponderance of the evidence that he was entitled to compensation. This is not the test. The question is whether the order of the commission was supported by substantial evidence.
Also, the Court in Miss-Lou Equipment Co. v. McGraw, 247 Miss. 142, 153 So.2d 801 (1963), stated the following:
The Commission is in the same position as a jury, which might have brought in a verdict for either the plaintiff or the defendant, and where the jury has enough evidence to justify its findings the court affirms the case.
In workmen's compensation cases there may be substantial evidence to justify the commission in allowing the claim in toto or there may be substantial evidence to disallow the claim, or there may be substantial evidence to find a *1028 partial disability, as in this case, and the commission may have been justified in either finding.
More recently, the Court addressed the substantial evidence rule in Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437 (Miss. 1985), by stating the following:
In workmen's compensation cases, the Workmen's Compensation Commission is the finder of facts, and if those facts are based on substantial credible evidence, the Supreme Court lacks power to disturb them, even though the evidence would not convince the Court were the Court the fact finder.
Please see: Flake v. Randle Reed Trucking Co., 458 So.2d 223 (Miss. 1984); Strickland v. M.H. McMath Gin, Inc., 457 So.2d 925 (Miss. 1984); Myles v. Rockwell International, 445 So.2d 528 (Miss. 1983).
REVERSED, AND ORDER OF COMMISSION REINSTATED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.