485 So.2d 1068 (1986)
BENOIST ELEVATOR COMPANY, INC. & U.S.F. & G. CO.
v.
Odell MITCHELL.
No. 55344.
Supreme Court of Mississippi.
March 12, 1986.
Roy D. Campbell, II, Campbell & DeLong, Greenville, for appellants.
Claud H. Powell, Greenville, for appellee.
Before PATTERSON, C.J., and HAWKINS and PRATHER, JJ.
PATTERSON, Chief Justice, for the Court:
In this workmen's compensation case the Administrative Law Judge awarded benefits to Odell Mitchell. The full commission reversed the order by ruling the statute of limitations barred the claim. On appeal to the Circuit Court of Bolivar County the full commission's decision was reversed and the administrative law judge's award was reinstated.
On June 16, 1959, Odell Mitchell sustained an injury to the second, or middle, finger of his right hand in the course of his employment at Benoit Elevator Company. This injury was reported, treated, and two surgeries were performed to repair tendons which had been severed when Mitchell's hand broke through a glass window after he slipped on beans scattered on the floor. Dr. Greekmore, who performed the surgeries, determined Mitchell had reached maximum medical benefits on about September 1, 1959, with a permanent partial disability to the injured finger of 15 percent. Medical and partial disability payments were made. On September 14, 1959, the final *1069 report and settlement form B-31 was signed by Mitchell and filed with the Workmen's Compensation Commission and the insurance carrier.
On or about February 19, 1975, Mitchell once again sought medical attention for the same finger. He was seen by Dr. Love and another surgery was performed. Mitchell acknowledged that throughout the years since the initial injury his finger did not function properly and there was recurring pain; but, he did not seek medical attention until the pain became so severe he could not sleep or work because the finger had become stiff and was without flexibility. Dr. Love's testimony was that the prior injury in 1959 caused this increased pain and lack of mobility. He found, while performing the surgery, no indication of a prior surgery having been successfully performed. Mitchell was temporarily totally disabled from February 19, 1975, until about May 10, 1976, when Dr. Love released him with a prognosis of 50 percent loss of the finger from that point forward for a period of 15 weeks.
In this appeal the appellants assert:
1. This is not a "latent injury" case;
2. The commission's dismissal of the claim was supported by substantial evidence; and
3. Commission Form B-31 was properly filed September 14, 1959, hence the claim was barred two years thereafter.
The facts of the instant case are closely kin to those found in Quaker Oats Co. v. Miller, 370 So.2d 1363 (Miss. 1979). Therein the claimant suffered from a progressive disease of which he was aware. He had been in consultation with medical doctors who informed him of the nature and seriousness of his illness. Miller left his work on advice of his doctor for a four month sick leave and later retired. Miller did not know his disability entitled him to payment but regardless, the two year limitation on the claim was held to begin to run on the date he left work for sick leave. Miller knew the source of his illness and that the work he performed aggravated the condition. It is this parallel which the full commission relied on in denying Mitchell's claim and reversing the administrative law judge. The record before this Court clearly indicates Mitchell knew his hand had been injured since 1959 and he had suffered with pain and stiffness throughout the years.
The circuit court, in reversing the full commission, found that Mitchell could not have been aware he had sustained a latent injury until ascertained by medical evidence on February 19, 1975. He seems to rely on Struthers Wells-Gulfport, Inc. v. Bradford, 304 So.2d 645 (Miss. 1974), and Tabor Motor Company v. Garrard, 233 So.2d 811 (Miss. 1970), as cited to in Quaker Oats, supra. These cases hold the two year statute of limitations will not begin to run until by reasonable care and diligence it is discoverable and apparent that a compensable injury has been sustained.
The facts on review herein are different from those found in Tabor and Struthers. In Tabor, supra, a garage foreman sustained an ear injury when a piece of slag fell from a cutting torch into his ear canal. None of the doctors who treated him were able to recognize this piece of slag as the source of his injury. Even though the slag had fallen into the ear more than two years prior, the statute of limitations did not begin to run until the cause of the injury was discovered. The attorney referee denied disability benefits on the basis they were barred by the statute of limitations. The full commission upheld this decision; it was reversed by the circuit court; and, this Court upheld the compensability of the claim because there was evidence to support the injury and disability were not reasonably apparent to the claimant until the slag in his ear was discovered by the doctors.
In Struthers, supra, the Tabor rule was followed in a different factual situation. An employee was bitten by what she thought to be a mosquito. She continued her normal duties for about ten days at which time her ankle where she had been bitten began to swell. She consulted a *1070 doctor who determined she had an infection caused by a poisonous insect bite. A check of the work premises disclosed several spiders, including at least one brown recluse. A year later the employee saw another doctor and the trouble seemed to have cleared up. A year after this she left her employment for reasons unrelated to the injury and at a time when her ankle seemed well. In conference with the doctor before leaving she was informed that the insect bite could cause subsequent problems. A re-infection did occur some three years after the initial insect bite, and again a year thereafter. At this time she consulted with Oschner's Clinic with a diagnosis that she had a vascular infection which had caused all these problems throughout the years. This was the point in time held by this Court to start the running of the two-year statute of limitations.
The present record, in our opinion, supports the finding of the commission that the claimant was aware of his injury. In applying the substantial evidence review test this Court most recently reversed the circuit court and reinstated the order of the full commission in Georgia-Pacific Corporation v. Veal, 484 So.2d 1025 (1986). We stated:
The substantial evidence review test was established many years ago. In United Funeral Homes v. Culliver, 240 Miss. 878, 128 So.2d 579 (1961), this Court stated the following:
We think that the test is whether or not the decision of the commission is supported by substantial evidence, and that if so the decision of the commission should be upheld.
In Babcock & Wilcox Co. v. McClain, 149 So.2d 523 (Miss. 1963), this Court stated:
In this case the circuit court reversed the commission because in its opinion the claimant had proved by a preponderance of the evidence that he was entitled to compensation. This is not the test. The question is whether the order of the commission was supported by substantial evidence.
Also, the court in Miss-Lou Equipment Co. v. McGrew, 247 Miss. 142, 153 So.2d 801 (1963), stated the following: The commission is in the same position as a jury, which might have brought in a verdict for either the plaintiff or the defendant, and where the jury has enough evidence to justify its findings the court affirms the case.
In workmen's compensation cases there may be substantial evidence to justify the commission in allowing the claim in toto or there may be substantial evidence to disallow the claim, or there may be substantial evidence to find a partial disability, as in this case, and the commission may have been justified in either finding.
More recently, the court addressed the substantial evidence rule in Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437 (Miss. 1985), by stating the following:
In workmen's compensation cases, the Workmen's Compensation Commission is the finder of facts, and if those facts are based on substantial credible evidence, the Supreme Court lacks power to disturb them, even though the evidence would not convince the court were the court the fact finder. [Citations omitted.]
Slip op. at pages 1027-1028.
Because we reverse the circuit court and reinstate the commission's order denying benefits, there is no need to address further issues presented in this appeal.
REVERSED; ORDER OF FULL COMMISSION REINSTATED.
WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.