HAWKINS, Presiding Justice,
for the Court:
Homer Jamelle Sturgis has appealed from an order of the circuit court of Adams County reversing a Workers Compensation Commission award for total disability benefits. Finding the award of the Commission was based on substantial evidence, we reverse the circuit court and reinstate the order of the Commission.
FACTS AND LAW
The claimant and appellant in this case, Homer Jamelle Sturgis, was a 58-year-old employee of International Paper Company (IP) as a paper turbine operator. On November 6, 1980, around 7:20 a.m., Sturgis slipped on some water and/or oil on the floor of the machine room at the Natchez IP plant injuring his head and knocking himself unconscious. Sturgis was hospitalized for 19 days. After recuperating for several weeks at home, Sturgis returned to work at IP in February, 1981; he continued to work intermittently through February, 1982. IP paid Sturgis compensation benefits at the rate of $98.00 per week from November 6, 1980, through January 20, 1981.
Sturgis filed his Motion to Controvert on June 30,1982. The Workers Compensation Commission (the Commission) found Stur-gis entitled to:
[Permanent total disability benefits in the amount of $98.00 beginning November 6,1980, and continuing thereafter for a period not to exceed 450 weeks as provided for by Miss.Code Ann. §§ 71-3-13 and 71-3-17(c)(25) (1972), and with proper credit for wages earned by claimant or compensation paid by defendant during this period.
IP appealed to the circuit court of Adams County where the circuit judge reversed the findings of the Commission.
We reverse the circuit court and reinstate the order of the Commission, finding that the Commission had substantial credible evidence to support its factual determination. See Delta Drilling Co. v. Cannette, 489 So.2d 1378 (Miss.1986), and Georgia-Pacific Corp. v. Veal, 484 So.2d 1025 (Miss.1986).
We write to clarify “proper credit for wages earned by claimant” ordered by the Commission. The authoritative statute which grants the employer credit states:
If the employer has made advance payments of compensation, he shall be entitled to be reimbursed out of any unpaid *815 installment or installments of compensation due.
Miss.Code Ann. § 71-3-37(11).
Compensation is defined as “the money allowance payable to an injured worker or his dependents provided in this chapter [Title 71, Ch. 3], and includes funeral benefits provided therein.” Miss. Code Ann. § 71-3-3(j).
[T]he amount of the credit is not the amount of the wages paid, but the amount of compensation due for the particular week. Thus, if the wage paid was $200, and if the compensation due for the week was $150, the credit is for $150 only. In other words, the credit is for the week, not for a number of dollars, and the excess cannot be carried over as a credit against other weeks of liability.
Larson, Workmens Compensation Law, 57.47.
Therefore, the proper credit due IP for wages paid to Sturgis is $98.00 per week for the number of weeks Sturgis continued to work after his injury and not the total of Sturgis’s earnings for the weeks worked. As stated by Justice Robertson in South Central Bell Telephone Co. v. Aden, 474 So.2d 584, 596 (Miss.1985): “[0]ne of the major features of the compensation act is that which provides for a steady though modest stream of income to the disabled worker.” In Aden, supra, South Central Bell was likewise denied credit in excess of the compensation payable to the injured worker. We, therefore, reverse the circuit court and reinstate the findings of the Workers Compensation Commission.
REVERSED; ORDER OF THE WORKERS COMPENSATION COMMISSION REINSTATED.
ROY NOBLE LEE, C.J., DAN M. LEE, P.J., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON, GRIFFIN and ZUCCARO, JJ., concur.