ISHEE, J.,
for the Court.
¶ 1. Sharron Smith appeals the decision of the Holmes County Circuit Court affirming the decision of the Mississippi Workers’ Compensation Commission denying her permanent disability benefits. Finding no error on appeal, we affirm.
FACTS
¶ 2. Sharron Smith was employed as an assembly worker by Durant Electric Corporation. On or about June 4, 1997, Smith injured her right elbow while working on the assembly line. Smith was treated at University Hospital in Durant, returned to the plant, and was instructed to work for the rest of the work day. She returned to work the next day but developed swelling in her arm. Smith was sent home by the plant nurse, and was instructed to see Dr. Fletcher Schrock. Over an unspecified period of time, Dr. Schrock gave Smith medications for swelling and pain, and excused her from work for several days. Dr. Schrock diagnosed Smith with ulnar nerve trauma and contusion, and referred her to Dr. Richard Weddle, a neurologist.
¶3. Dr. Weddle had an initial consultation with Smith on July 2, 1997. According to Dr! Weddle, Smith’s neurological functions were normal, and he ruled out ulnar neuropathy. Dr. Weddle felt that Smith was able to return to work and had advised her to do so. Smith continued to complain of pain, and requested to see a doctor of internal medicine,, Dr. Calvin Ramsey. Smith was treated by Dr. Ramsey from August 18, 1997, until October.2, 2001. Dr. Ramsey originally diagnosed Smith with carpal tunnel syndrome, but later admitted that the carpal tunnel diagnosis was incorrect. Dr. Ramsey later attributed Smith’s ailments to reflex sympathetic dystrophy, a condition that is characterized by chronic swelling, sensitivr ity to touch, and burning pain. Dr. Ramsey originally prescribed Smith a Transcu-taneous Electrical Nerve Stimulation (“TENS”) unit and suggested .that she attend a physical therapy program. Dr. Ramsey opined that Smith had a ninety percent (90%) impairment of her right upper extremity, which he equated to a one hundred percent (100%) impairment of her whole person. After becoming pregnant, Smith discontinued her use of the TENS unit and therapy, and instead opted for wrist, elbow, and shoulder surgery suggested by Dr. Larry Field, an orthopedic surgeon.
¶ 4. Dr. Field later opined that Smith maintained a six percent (6%) upper extremity impairment rating. Dr. Field eventually decided that Smith was able to return to work, and released her. Smith returned to work at a new, less strenuous *862 position, but again complained to her supervisors that she could not perform the work required of her. After again complaining of pain, Dr. Field referred Smith to Dr. Carroll McLeod for pain management. Dr. McLeod first saw Smith on March 24, 1999, and diagnosed Smith with chronic right arm and hand pain secondary to reflex sympathetic dystrophy. Dr. McLeod initiated a series of sixteen nerve block injections to ease Smith’s symptoms. After Smith claimed that the treatments were not beneficial, Dr. McLeod referred Smith to pain management specialist Dr. Jeffrey Summers for a second opinion. Dr. Summers found that Smith’s complaints were at odds with what he observed in the records of her prior treating physicians. Dr. Summers also stated that he found her to be histrionic during the exam and that she demonstrated extreme overreaction and illness behaviors.
¶ 5. At the request of Smith’s employer, Dr. Rahul Vohra conducted an independent examination of Smith on February 14, 2000. Dr. Vohra found no indication of reflex sympathetic dystrophy. Dr. Vohra noted that Smith was exhibiting a significant amount of pain behavior. He stated that she reported pain during maneuvers which should not have been painful as well as facial grimacing and histrionic behavior which were consistent with pain amplification. Based upon his examination, Dr. Vohra determined that Smith maintained a seven percent (7%) impairment of her right upper extremities. Dr. Vohra opined that Smith was not precluded from any and all employment, and he refused to issue Smith any restrictions. Dr. Vohra re-examined Smith on April 8, 2002, and again assigned to her an impairment rating of seven percent (7%). Dr. Vohra further opined that while repetitive overhead activities should be limited, Smith’s injuries could not restrict her from gainful employment.
¶ 6. On December 7, 2000, Smith filed her petition to controvert with the Mississippi Workers’ Compensation Commission, alleging that she had sustained a work-related injury due to the June 4, 1997, incident. On September 3, 2002, the administrative judge found that Smith was entitled to permanent partial disability benefits commensurate with a fifteen percent (15%) occupational loss of use of her upper right extremity. Feeling aggrieved, on September 10, 2002, Smith requested a review of the findings of the administrative judge by the full Commission. On December 2, 2002, the Commission affirmed the order of the administrative judge. Smith next appealed the ruling of the Commission to the Circuit Court of Holmes County. On March 5, 2003, the circuit court affirmed the Commission’s order as supported by substantial evidence.
¶ 7. Aggrieved by the decision of the circuit court, Smith now timely appeals and asserts the following errors: (1) Whether the Commission properly considered and rejected the testimony of the expert medical opinions offered by Smith; and (2) whether the Commission order limiting Smith’s occupational loss of her arm to fifteen percent and finding that she was unable to prove that she was unable to perform the substantial acts of her job was supported by substantial evidence.
ISSUES AND ANALYSIS
I. Whether the Commission properly considered and rejected the testimony of the expert medical opinions offered by Smith.
¶ 8. Smith argues on appeal that the trial court erred in affirming the decision of the Commission denying her permanent full disability benefits. Smith asserts that a disability to a scheduled member, such as her arm, may render a worker perma *863 nently totally disabled when the injuries to that member are so extensive that the resulting occupational disability exceeds the percentage of medical impairment assigned to the member. Smith v. Jackson Constr. Co., 607 So.2d 1119, 1126-27 (Miss.1992). In other words, according to Smith, her fifteen percent (15%) disability to her arm should have been sufficient to render her totally occupationally disabled. Due to the fact that Dr. Ramsey was the only doctor to testify who concluded that Smith’s injury precluded her from gainful employment, Smith argues that the Commission erred by failing to give Dr. Ramsey’s medical opinion greater weight.
¶ 9. The standard of review in a workers’ compensation case is very limited. The findings and order of the Mississippi Workers’ Compensation Commission are binding on this Court so long as they are supported by substantial evidence. Fought v. Stuart C. Irby Co., 523 So.2d 314, 317 (Miss.1988); This is so, even if the evidence would convince this Court otherwise, were we the fact finder. Georgia-Pacific Corp. v. Veal, 484 So.2d 1025, 1028 (1986) (quoting Olen Burrage Trucking Co. v. Chandler, 475 So.2d 437, 439 (Miss.1985)). “This Court will overturn the Workers’ Compensation Commission decision only for an error of law or an unsupported finding of fact.” Weatherspoon v. Croft Metals, Inc., 853 So.2d 776, 778 (¶ 6) (Miss.2003).
¶10. This issue is manifestly an argument regarding the weight and sufficiency of conflicting medical opinions. The opinions of the various doctors who examined Smith are contradictory, with the opinion of Dr. Ramsey in favor of total disability, and the opinions of Doctors Summers and Vohra against total disability. The Mississippi Supreme Court has held that “whenever the expert evidence is conflicting the court will affirm the Commission whether the award is for or against the claimant.” Raytheon Aerospace Support Serv. v. Miller, 861 So.2d 330, 336 (¶ 13) (Miss.2003). Smith argues that the opinion of Dr. Ramsey should have been given more weight, due to Smith’s allegation that Dr. Ramsey was as qualified, if not more qualified, than the other doctors. Smith also argues that Dr. Ramsey had a greater number and duration of contacts with Smith than the other doctors, and that as Smith’s treating physician, Dr. Ramsey’s opinion should have been given the most weight. See S. Cent. Bell Tel. Co. v. Aden, 474 So.2d 584 (Miss. 1985).
¶ 11. We decline today to assign new weight to the various medical opinions presented before the Commission. We cannot say that the Commission’s findings in regard to Smith’s relative disability were unsupported, and even were we to agree with Smith’s contention that Dr. Ramsey’s medical opinion was the most credible of the opinions presented, Smith has failed to establish reversible error on the part of the Commission. For the above reasoning, we find this assignment of error without merit.
II. Whether the Commission order limiting Smith’s occupational loss of her arm to fifteen percent and finding that she was unable to prove that she was unable to perform the substantial acts of her job was supported by substantial evidence.
¶ 12. Smith next alleges that the Commission erred in finding that she failed to prove by substantial evidence that she should have been declared permanently and totally disabled. Due to our ruling affirming the decision of the Commission as to the weight of the. testimony by Dr. Ramsey in Smith’s first assignment or er *864 ror, we find this issue is likewise without merit. The Commission was well within its own sound discretion in finding that Smith suffered only a fifteen percent (15%) disability as to her right upper extremity. Furthermore, we are unable to say that the Commission committed reversible error by declining to extend Smith’s disability as to her upper extremity so as to entitle her to permanent and total occupational disability. Smith has simply failed to prove by substantial evidence that she suffers from complete occupational disability. For the above reasoning, we find this assignment of error without merit.
¶ 13. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, MYERS, CHANDLER, GRIFFIS AND BARNES, JJ., CONCUR.