POOLE *v.* R. F. LEARNED & SON, et al.

No. 40856 June 9, 1958 103 So. 2d 397

September 22, 1958 105 So. 2d 162

*Parker & Parker,* Jena, La.; *Joseph E. Brown, Clyde W. Mullins,* Natchez, for appellant.

*Watkins & Eager,* Jackson, for appellee.

ETHRIDGE, J.

Appellant Mrs. Nola Poole is seeking workmen's compensation benefits for the death of her husband Henry D. Poole, who died on October 26, 1954, in the course of his employment for appellee R. F. Learned & Son. The question is whether the denial of compensation is against the overwhelming weight of the evidence, and the law concerning the contributing effect of usual and customary exertions on the job. We think it is.

Poole, 64 years of age, was employed as a log scaler. In this work he used a Doyle ruler four feet in length, and would measure the footage of logs as they were dumped on the ground at the millsite in Natchez, or while they were on the truck, if he could reach them from the ground. The attorney-referee and the commission in effect found as a fact, and the medical evidence clearly reflects, that Poole had a pre-existing disease of the coronary arteries. On Saturday, October 23, 1954, while out hunting he had a heart attack, the commission found. He fell on the ground, and being alone, had to crawl to his jeep in order to get out of the woods and back home. He did not go to a doctor following this heart attack.

He went back to work for R. F. Learned & Son on the next working day, Monday October 25, and worked all

of that day. On Tuesday, October 26, the day of his death, he left his home in Ferriday, Louisiana, about 6:00 A.M. and drove his jeep some 18 miles to a location in the woods, where he scaled two truckloads of logs. He then drove back through Ferriday to Natchez, Mississippi, a total of about 30 miles, to the sawmill site of his employer, where he worked for about 45 minutes scaling three other truckloads of logs. As a log scaler, his job was to scale the logs as trucks brought them in. He had to be available, and as a part of his job often waited for additional truckloads to arrive. While so waiting, after he had finished scaling the three truckloads, he talked to J. J. Ivey, the mill foreman, for about 15 minutes. He and Ivey then went in a warehouse room where they sat talking for another 15 minutes, following which Poole suffered a coronary thrombosis attack and died. Ivey testified that while he was talking with Poole before his death, he complained of a pain in his chest and of a discomfort which had been present since the prior Saturday.

The attorney-referee, the commission and the circuit court denied compensation. The issue is whether the overwhelming weight of the medical evidence reflects that Poole's death, which clearly occurred in the course of his employment, also arose out of his employment. We think it does. Two doctors testified as witnesses for the defendants, one for the claimant. Their testimony is typical of that in the usual heart compensation cases, containing of numerous hypothetical questions, suppositions and professional opinions. Drs. Benoist and Butler testified in response to hypothetical questions that they did not think the usual and customary exertions of Poole aggravated or precipitated the fatal heart attack of Tuesday; that a coronary thrombosis may occur at any time, in the absence of unusual exertion, but, thinking what Poole was doing was not unusual exertion, they found no causal connection.

However, on cross-examination both of these doctors, as well as Dr. Tillman, who was specifically of the opinion that Poole's work contributed to his death, said that one essential treatment for a heart case, according to recognized professional opinion, is to put the patient to bed and at rest; that, if Poole had been their patient after his heart attack of the preceding Saturday, they would have put him in bed; and it was dangerous for him to be on his feet and attempting to work, since it might kill him. Dr. Butler, for the defendant, also said that all of the conditions affecting the circulatory system and heart are aggravated by exertion, so rest is recommended and insisted upon, and physical activity would produce a dangerous complication. The patient should have maximum rest; exertion might result in a fatal attack. Butler said that driving a jeep for 30 miles over rough roads and scaling logs would be exertion beyond safe restrictions, after the onset of a coronary thrombosis has occurred on the preceding Saturday; and that he would forbid his patient from doing that. Dr. Tillman said that, after a coronary attack such as happened to Poole on the preceding Saturday, he should be at complete rest; that any undue exertion would precipitate or aggravate an existing condition, and exertion such as Poole engaged in on his job would probably precipitate or aggravate his existing condition.

The attorney-referee and commission found as a fact that Poole had a heart attack on Saturday October 23, prior to his death on the next Tuesday. They further found that any undue exertion would be harmful to his condition, but ''the activities of his employment on October 26 were not such exertion'', so there was no connection between his employment and death. The commission erred in one of the premises of its conclusion, in holding in effect that ''undue exertion'' was necessary in order for there to be a compensable injury. In other words, the commission erred in its statement of the law in this respect.

██ ■ It is not necessary to show that the exertion which concurred in precipitating the harm was in itself unusual or beyond the routine of the employment. Provided the causal relation to the employment is shown, aggravating, precipitating, or combining with the disease or infirmity to produce the death, the exertion may be the usual and customary, and still satisfy the requirement that the injury be accidental and arise out of the employment. Schilling v. Miss. State Forestry Commission, 85 So. 2d 562 (Miss. 1956). ■ The commission incorrectly held that the exertions must be "undue exertions". With the stated rule of law in mind, it is manifest, from a composite reading of the medical testimony in context, together with the fact of the pre-existing disease, the heart attack of the previous Saturday, and the employment exertions as described, that Poole's employment and his work on that Tuesday of his death, aggravated, precipitated and contributed to his death. Obviously a causal connection existed between the employment and the death. Cf. Cowart v. Pearl River Tung Co., 218 Miss. 472, 67 So. 2d 356 (1953); Pearson v. Dixie Electric Power Assn., 219 Miss. 884, 71 So. 2d 6 (1954); W. G. Avery Body Co. v. Hall, 224 Miss. 51, 79 So. 2d 453 (1955).

Hence the judgment of the circuit court and the order of the Workmen's Compensation Commission are reversed. Judgment will be entered here for appellant, awarding death benefits to her as the sole dependent, and the cause remanded to the Commission for administration of the award.

Reversed, judgment rendered here for appellant, and remanded.

*McGehee, C. J.,* and *Hall, Lee* and *Holmes, JJ.,* concur.

## ON MOTIONS

 ■ The appellant's motion for allowance of attorneys' fees is sustained. The motion for 5 per cent stat-

utory damages is overruled, since the judgment of this Court reversed a denial of compensation and rendered judgment for appellant. 103 So. 2d 396. ■■ ■ The motion for 10 per cent penalties on compensation installments to the date of the attorney-referee's order is also overruled. The record does not reflect that appellant requested penalties before the attorney-referee, the commission, or the Circuit Court; nor was a denial thereof assigned as error or argued in this Court. B. C. Rogers and Sons v. Reeves, 98 So. 2d 875, (Miss. 1957).

■■■ The motion for 6 per cent per annum interest on compensation payments is sustained in part, to the extent that such interest shall run from the date of the judgment of this Court, June 9, 1958. The same motion is overruled in part, as to any request for interest prior to the aforesaid date of the judgment.

Motion for attorneys' fees sustained; motion for interest sustained in part and overruled in part; motions for damages and penalties overruled.

*Roberds, PJ.,* and *Hall, Arrington,* and *Gillespie, JJ.,* concur.