INZER, Justice:
This is an appeal by the Kroger Company and Beneficial Insurance Group, its carrier, from a judgment of the Circuit Court of Lee County which reversed an order of the Workmen’s Compensation Commission denying compensation and awarded appel-lee, Leroy H. Orr, compensation benefits. We affirm.
Claimant was employed by Kroger for thirteen years as a meat cutter, his duties required that he continually lift sides of beef which would average about 150 pounds. He was also required to lift boxes of other food products which weighed from 100-125 pounds. It was estimated that 65 percent of his time was devoted to lifting and carrying meat products. In September 1966 he became disabled and was hospitalized. It was discovered at that time that he had Paget’s disease and as a result of the disease he is now permanently and totally disabled. In March 1967 he filed a claim for compensation benefits alleging that his employment caused or contributed to his disability. The claim was controverted by appellant denying that his disability arose out of his employment and in the alternative pled that a preexisting physical handicap, disease or lesion solely caused or was a material contributing factor in the results. After two hearings the attorney referee found that the evidence submitted did not establish an accidental injury within the contemplation of the act. Upon review by the full commission the order of the attorney referee denying compensation was affirmed.
Upon appeal to the circuit court that court reversed the order of the commission in an excellent opinion which in part said:
That this is a very unusual case which has been presented in an exceptionally fine manner by counsel for both Claimant and Employer-Carrier. That in the highly technical sense, there is perhaps substantial evidence present to warrant affirming the order of the Commission. However, it is the opinion of the Court that the “substantial evidence rule” is sufficiently flexible to permit the Court to check any fundamentally erroneous exercise of administrative power to the end that the Act may be applied in a just and reasonable manner and with due regard for the beneficient purposes of the Act, etc. On this basis, the Court has given deep consideration to the medical testimony presented in this case.
In brief, the medical testimony presented on behalf of Claimant by Dr. Eugene M. Murphey is obviously based on research and experience and the reasoning and opinion of Dr. Murphey regarding the connection of stress and strain to aggravation and/or acceleration of Paget’s disease is simply not contradicted by any medical testimony presented by the Employer-Carrier that is based on anything other than personal conjecture. Actually, a thorough analysis of the *800 medical testimony presented by Employer-Carrier seems to substantiate the stress and strain weight bearing theory advanced by Dr. Murphey.
The Court is of the opinion that the overwhelming weight of the credible evidence in this case tends to show that Claimant’s work activities aggravated or accelerated the non-work originating disease. Therefore, Claimant has sustained an accidental injury within the meaning of the Mississippi Workmen’s Compensation Act and according to the credible medical proof, an apportionment of thirty percent (30%) of Claimant’s disability to the work connected aggravation or acceleration of the disease is proper and is granted to Claimant, together with such medical expenses penalties and interest as are proper to be imposed by the Commission in accordance with the findings and order of this Court.
Appellants urge that there was substantial evidence to support the order of the Workmen’s Compensation Commission denying the claimant compensation benefits and the circuit court erred in reversing that order. The only conflict in the evidence in this case is in the medical testimony on the question of whether claimant’s duties of employment aggravated or accelerated the progression of Paget’s disease, and constituted an accidental injury within the meaning of the compensation act. Dr. Eugene Murphey, a practitioner of general medicine, was claimant’s personal physician and he discovered from an examination and from x-rays that claimant was suffering from Paget’s disease. When asked to describe the disease he stated:
Paget’s disease is a chronic disease involving the adult skeletal structures, the bones, and is characterized by abnormal architecture of the bone, which is usually progressive. There is usually both bone destruction and bone regeneration going on at the same time. The disease has been known to medicine since the middle of the last century, but as yet no definite eitology is known.
All doctors who testified agreed that the medical profession does not know the cause of this disease. Dr. Murphey further testified that it was his opinion that the weight lifting and weight bearing activities of claimant did not cause the disease, because he did not know what caused Paget’s disease. However, he was of the opinion that these activities probably aggravated the condition. He testified in detail as to the reasons for his opinion and quoted from medical authorities to support his opinion. He estimated that claimant’s work activities contributed 30 percent to his disability.
Dr. R. H. Franks, an orthopedic surgeon, testified on behalf of appellants and he stated that in his opinion he doubted that the claimant’s work activities hastened the progression of or aggravated the disease. On cross examination he was asked whether he denied that there is a probable relationship between the progression of the disease and the stress of claimant’s employment. He answered saying, “No, I wouldn’t because I don’t know. I just don’t know, and have not seen a lot of cases of Paget’s disease.”
Dr. Ernest G. Kelly of Memphis, Tennessee, testified by deposition and stated that he was engaged in the practice of general surgery and he was and had been the medical advisor for Kroger Company. He examined claimant on one occasion in March 1967 for the Kroger Company and he confirmed Dr. Murphey’s finding that claimant was suffering from Paget’s disease. It was his opinion that claimant’s work activities did not cause, aggravate or hasten the progression of the disease. On cross examination he admitted that he had seen very few cases of Paget’s disease and as a general surgeon did very little practice in the field of orthopedics.
Dr. Fred Sage, an orthopedic surgeon, practicing in Memphis, Tennessee, testified on behalf of appellants. He never examined claimant and in answer to a somewhat in *801 complete hypothetical question he stated that in his opinion claimant’s work activities did not cause the disease. He was also of the opinion that because of the absence of bending or bowing of bones that claimant’s work activities did not hasten the progression of the disease.
Dr. W. C. Fulton, a general practitioner and surgeon, testified in rebuttal on behalf of claimant. He had examined claimant after the original hearing and from his examination and study of Dr. Murphey’s reports he stated:
I think one must assume, and we have evidence to show that any traumatic reaction on weight bearing, excessive weight bearing on the joint involved with Paget’s disease is going to be aggravated. We know that Paget’s disease was first described by two German physicians and we know that the disease process is an osteo-clastic activity of the bony cortex, or the outside. Furthermore, we know that this bone becomes softened due to the decalci-fication of the bony structure due to this osteoclastic activity. The osteoclast is the cell of the bone which tears down the bone. We know, too, that Volkmann’s theory of bone size states that bone size will be in proportion to the stress and strain placed on a bone. We know in Mr. Orr’s case that the neck of each femur has decreased, to the best of our ability to measure by x-rays has decreased some half inch since the films were taken earlier in the disease process. So this is an evidence of a traumatic reaction. And we know that stress and strain is a problem.
A careful review of the medical testimony convinces us that the circuit court reached the right conclusion in this case. We are in accord with its analysis of the medical testimony. Furthermore, we are of the opinion that the court was correct in holding that the “substantial evidence” rule is sufficiently flexible to allow the court to ascertain whether the beneficent purposes of the Workmen's Compensation Act have been carried out. Goodnite v. Farm Equipment Co., 234 Miss. 342, 103 So. 2d 391, 104 So,2d 298, 106 So.2d 383, 683 (1958); Poole v. R. F. Learned & Sons, 234 Miss. 362, 103 So.2d 396, 105 So.2d 162 (1958); Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So.2d 351, 112 So.2d 230 (1959); Russell v. Sohio Southern Pipe Lines, Inc., 236 Miss. 722, 112 So.2d 357, 113 So.2d 667 (1959).
For the reasons stated we are of the opinion that this case should be affirmed.
Affirmed.
ETHRIDGE, C. J., and PATTERSON, SMITH and ROBERTSON, JJ., concur.