348 So.2d 771 (1977)
Paul J. HOLLOWAY
v.
PRASSELL ENTERPRISES, INC. and Liberty Mutual Insurance Company.
No. 49511.
Supreme Court of Mississippi.
August 3, 1977.
John L. Walker, Jackson, for appellant.
Daniel, Coker, Horton, Bell & Dukes, Forrest W. Stringfellow, Jackson, for appellees.
Before PATTERSON, SMITH and LEE, JJ.
LEE, Justice, for the Court:
The Circuit Court of the First Judicial District of Hinds County affirmed an order of the Mississippi Workmen's Compensation Commission granting compensation benefits to Paul J. Holloway for temporary total *772 disability from June 1, 1973, to September 12, 1973, together with reasonable and necessary medical services and denying disability benefits for high blood pressure claimed to result from an injury sustained June 1, 1973. Holloway appeals here and we affirm.
Claimant assigns as error:
(1) His present disabilities, sinkable attacks, high blood pressure and hypertension were caused by an injury sustained on June 1, 1973.
(2) The testimony of claimant and Dr. Robert Smith was arbitrarily rejected by the administrative judge and the commission.
(3) The circuit court utilized the wrong burden of proof in determining whether claimant proved causal relationship.
(4) The Commission's order and the circuit court's judgment are against the great weight of the testimony and are clearly erroneous.
The sole question involved under the above assignments of error is whether or not there is causal connection between claimant's high blood pressure and the injuries sustained June 1, 1973, or, stated differently, whether or not the Commission order denying compensation benefits for such condition is supported by substantial evidence.
Claimant was employed as a truck driver by Prassell Enterprises, Inc., and, on June 1, 1973, while binding down a load of lumber, the binders pulled loose and struck him on the right cheek, resulting in a fracture of the right zygoma. He was treated at Hinds General Hospital until June 6, 1973, by Dr. Martin Harthcock, a plastic surgeon. Claimant returned to work for Prassell on July 16, 1973, and was driving a loaded lumber truck through Meridian when he blacked out at the steering wheel, causing the truck to run down an embankment into a ditch. He was seen by Dr. Salvador at Matty Hersee Hospital. The medical examination was normal, there were no external injuries, and there was no evidence of high blood pressure or hypertension.
Dr. Martin Schiefer examined claimant on July 24, 1973. His blood pressure was elevated, but neurologically, the examination was normal. Dr. Schiefer saw him again on July 30, 1973, and requested his medical records from Hinds General Hospital. On that day, his blood pressure was still elevated and Dr. Schiefer said it apparently resulted from having been struck in the head. The doctor saw claimant at intervals in August and September, 1973, during which time his blood pressure was elevated. On cross-examination, Dr. Schiefer testified he was not relating the elevated blood pressure to the incident of June 1, 1973. He further testified that Dr. Harthcock would be in a better position to render an opinion relative to the diagnosis and prognosis of Holloway as of June 1, 1973, and that based upon reasonable medical probability it would be impossible for him (Dr. Schiefer) to relate the treatment he rendered claimant either to the June 1, 1973 accident or the July 17, 1973 accident. It was his opinion that claimant reached maximum medical recovery on September 12, 1973.
Dr. Robert P. Henderson, a radiologist, testified concerning X-rays. He did not discuss the high blood pressure and hypertension phase of the injury.
Dr. Robert Smith, a Board certified specialist in family practice, saw claimant February 1, 1974. He obtained a history of the injuries sustained June 1, 1973, the episodes of sinkable attacks and high blood pressure, he examined the medical records from Hinds General Hospital and Matty Hersee Hospital, and gave claimant a diagnosis of sinkable attacks, etiology undetermined, essential hypertension or labile hypertension, probably secondary to those episodes. Claimant's blood pressure was elevated at the time. Dr. Smith treated claimant six times in his office and last saw him October 31, 1974, when the blood pressure was near normal. He gave no direct causal connection between claimant's high blood pressure and the June 1, 1973 injury on direct examination, but on cross-examination, he said, "I disagree with Dr. Harthcock's statement *773 that any hypertensive state in Mr. Holloway was not related to the incident of June 1, 1973." He further stated that his opinion was based on the hospital records from Hinds General Hospital and Matty Hersee Hospital and, to some extent, on the opinions of other physicians. On July 11, 1974, Dr. Smith signed a statement to the effect that claimant's condition was not due to injury or sickness arising out of his employment, but he testified that the statement was erroneously checked by his (Dr. Smith's) secretary.
Dr. Harthcock, the admitting doctor when claimant was injured on June 1, 1973, testified that claimant sustained no permanent injury as a result of the June 1, 1973 injury, that when claimant was discharged from the hospital his blood pressure was normal (130/90) and that, in his opinion, any elevation in blood pressure which claimant had, was not related to the blow or injury which he received on June 1, 1973. He pointed out that there was no brain damage or loss of consciousness, and that "it takes a lot of shock, head trauma to cause changes in blood pressure."
Lay testimony indicated that claimant had no known high blood pressure or hypertension prior to June 1, 1973, and that he had worked for the employer during a period of six (6) years previous to the injury without any such complaints.
The factual situation here is different from Avery Company v. Hall, 224 Miss. 51, 79 So.2d 453 (1955), where claimant had a history of preexisting hypertensive cardiovascular disease with resultant high blood pressure and while working suffered a hypertensive encephalopathy (black out) resulting in severe damage to his vascular and cardiac system. It likewise may be distinguished from Cowart v. Pearl River Tung Company, 218 Miss. 472, 67 So.2d 356 (1953), where the claimant had a preexisting high blood pressure condition, and, upon bending over to pick up tung nuts, sustained a cerebral hemorrhage as a result of that condition. Also, the facts are different from those in Central Electric Power Association v. Hicks, 236 Miss. 378, 110 So.2d 351 (1959), where the claimant was known to have a preexisting heart condition, sustained chest pains while working on the job, immediately went to his doctor's office and the doctor found that he was in the midst of a heart attack. Even though the evidence in each of those cases was conflicting, this Court held that the injuries were compensable.
No Mississippi cases involving a claim resulting from high blood pressure which occurred after the initial injury have been brought to our attention. In the present case, claimant's injury occurred on June 1, 1973, and the onset of hypertension and high blood pressure was first discovered on July 24, 1973. The question is well settled that where an order of the Workmen's Compensation Commission is supported by substantial evidence, such order will not be reversed. Gray v. Poloron Products Co. of Mississippi, 347 So.2d 363, handed down May 25, 1977; Universal Mfg. Co. v. Barlow, 260 So.2d 827 (Miss. 1972); Harpole Bros. Construction Co. v. Parker, 253 So.2d 820 (Miss. 1971); Kroger Co. v. Orr, 230 So.2d 798 (Miss. 1970).
We are of the opinion that the order of the Workmen's Compensation Commission here is not only supported by substantial evidence, but by the great weight of the evidence, consequently, the case must be and is affirmed.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.