# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CC-01948-SCT

*MISSISSIPPI DEPARTMENT OF HUMAN SERVICES*

*v.*

*CAROLYN K. McNEEL*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/18/2002 |
| TRIAL JUDGE: | HON. TOMIE T. GREEN |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JULIA ANN TOWNSEND |
| | CASSANDRA S. WALTER |
| | GLORIA GREEN |
| ATTORNEY FOR APPELLEE: | JIM WAIDE |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | AFFIRMED - 04/08/2004 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., COBB, P.J., AND CARLSON, J.**

**SMITH, CHIEF JUSTICE, FOR THE COURT:**

¶1.     On November 5, 1999, the Mississippi Department of Human Services (MDHS) notified Carolyn K. McNeel that she was terminated from her position of employment with the Winston County Department of Human Services.   McNeel was charged with two offenses.   The first charge was that McNeel "approached the birth mother of a child that she had previously investigated for allegations of abuse and offered her home as a permanent home for the child;" MDHS claims this act would have violated Group III, Number 16 offense for willfully violating State Personnel Board policies, which prohibit employees from

subjecting themselves to possible conflicts of interest. The second charge was that she used her position to adopt a child; this charge would amount to a violation of a Group III, Number 11 offense by her conduct in violation of MDHS policy Volume IV, Section F, page 4501 which prohibited McNeel from making an independent adoption placement of a child known to her through her position with the agency.

¶2. McNeel appealed her termination to the Mississippi Employee Appeals Board. On October 3, 2000, Hearing Officer Falton O. Mason, Jr., heard the case, and he found that the action taken by the MDHS was against the overwhelming weight of the evidence, noting the significant difference between one being appointed a guardian of a child and one adopting a child as one's own. Hearing Officer Mason further found that neither McNeel nor her husband, Billy Gene McNeel, ever approached the natural mother about adopting the child, A.B.,[1] and that the natural mother considers the guardianship to be temporary. Therefore, Hearing Officer Mason concluded that McNeel should be reinstated to her position with back pay and benefits as of the date of termination, subject to any sum received from other sources.

¶3. On April 23, 2001, the Mississippi Employees Appeals Board (EAB) sitting en banc affirmed Hearing Officer Mason's order.

¶4. Next, the MDHS petitioned the Hinds County Circuit Court for writ of certiorari to review the decision of the EAB. The Circuit Court of the First Judicial District of Hinds County found that "the decision of the Mississippi Employee Appeals Board that appellee be reinstated is supported by substantial evidence."

¶5. MDHS appeals from the order of the circuit court on the following issues:

> **I. WHETHER THE DECISION TO TERMINATE McNEEL WAS SUPPORTED BY AN OVERWHELMING WEIGHT OF EVIDENCE OR WAS ARBITRARY AND CAPRICIOUS.**

---

[1] We will refer to the child using the fictitious initials A.B.

2

**II.** WHETHER THE FINDING THAT "THE ACTION OF. McNEEL WAS NOT A WILLFUL VIOLATION OF STATE PERSONNEL POLICIES, THAT HER ACTIONS WERE NOT A CONFLICT OF INTEREST AND THAT SHE DID NOT VIOLATE POLICIES OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES" WAS RELEVANT TO A CHARGE OF GROUP III, NUMBER 11, "ACTS OF CONDUCT . . ."

**III.** WHETHER THE EAB HAS THE AUTHORITY TO ALTER THE ACTION BY MDHS IN LIGHT OF RULE 24(B) OF THE EAB'S ADMINISTRATIVE RULES.

## FACTS

¶6. On October 27, 1997, A.B. was brought into the office of the Winston County Department of Human Services by relatives who reported that she was being neglected and abused. McNeel was both the intake worker and the investigator assigned to A.B.'s case. Reports are conflicting as to when the case was terminated and how much involvement McNeel had with the case because MDHS has been unable to produce the child's file. MDHS claims that A.B.'s case was initially terminated on December 29, 1998. During this fourteen-month period, McNeel's co-worker reported that McNeel expressed to her co-workers that she loved A.B. and would love to raise A.B. as part of her family. The hearing officer found that McNeel's official contact was limited to a brief time in 1997.

¶7. In February of 1999, when A.B.'s case was again brought to the attention of the Winston County DHS, a co-worker, Jo Anne Clark, telephoned McNeel, who was at home recuperating from surgery, to tell McNeel of A.B.'s case. Clark states that shortly thereafter in March of 1999, McNeel said she was going to talk to A.B.'s mother and aunts about letting her raise the child. MDHS alleges that on March 16, 1999, McNeel approached A.B.'s birth mother to offer her home to the child in order to keep A.B. out of the foster care system; however, the hearing officer, the EAB, and the circuit court judge all found no

3

supporting evidence for this claim. Additionally, A.B.'s mother wrote a letter stating that McNeel had nothing to do with her desire to place A.B. in Billy Gene McNeel's care.

¶8. The hearing officer's found:

> The testimony reflected that the husband of the Appealing Party knew the family and of the child since 1995, and knew of the child's problem since sometime in 1998. The child's father was killed in an automobile accident. That he was contacted about custody of the child by an employee of the Department of Human Services, who encouraged him to get involved with the said child, and pointed out to him that certain problems might occur. That he made the decision to become the guardian of the child that the Appealing Party was not a part of that decision, but that she concurred with him. That he was granted the guardianship of the child.

¶9. McNeel worked for MDHS for nineteen years, the last ten in Winston County. Her husband Billy is a certified public accountant. They have been married since 1983 and have one teenage son. Billy has known A.B. since her father was killed in a truck accident, and he knew A.B.'s mother when she was a teenager.

¶10. Webb O'Bryant, McNeel's supervisor at MDHS, called Billy about the first week in March of 1999 and asked him if he would take A.B. into his home. No mention was made of the consequences that might face McNeel if the child was taken into their home. On June 16, 1999, Billy was made guardian of A.B. and awarded physical and legal custody.

¶11. MDHS's claim of wrongdoing by McNeel is based upon co-workers stating that McNeel had said she wanted this "beautiful child." Those co-workers admit they did not tell her there was anything wrong with this or that the child should not be going to her home.

¶12. MDHS never produced any file on the child at the hearing. Elaine Cooper, a clerk in the Winston county office claimed that she gave the file to O'Bryant, who had given it to "Program Integrity." Program Integrity claims to have returned the file by mail to the Winston County DHS.

4

¶13. McNeel argues that the real reason for her firing may have been to keep her from receiving a promotion to head of the Winston County Department of Human Services. O'Bryant was promoted from his position in early 1999, and his slot became open. McNeel could have applied for this promotion if she had not been fired and she claims she was the most experienced local applicant. According to McNeel, the person who did get the promotion was Tabatha Stewart, who testified against McNeel at the EAB hearing.

## STANDARD OF REVIEW

¶14. The MDHS fails to assert or recognize the standard of review this Court imposes in an administrative agency case.

¶15. This Court, as well as the circuit court, reviews a decision of an administrative agency for substantial evidence supporting that agency's finding, and the scope of review is limited to the findings of the agency. *Walters v. Miss. Dep't of Economic & Community Dev.*, 768 So. 2d 893, 895 (Miss. 2000) (citing *Holloway v. Prassell Enters., Inc.*, 348 So. 2d 771, 773 (Miss. 1977) and *Miss. Employment Sec. Comm'n v. Pulphus*, 538 So. 2d 770, 772 (Miss. 1989)). However, the rule permits the appellate court "to examine the record as a whole and where such record reveals that the order of the [agency] is based on a mere scintilla of evidence, and is against the overwhelming weight of the credible evidence the court will not hesitate to reverse." *Walters*, 768 So. 2d at 895 (quoting *Johnson v. Ferguson*, 435 So.2d 1191, 1194-95 (Miss. 1983)).

## ANALYSIS

I.  **WHETHER THE DECISION TO TERMINATE McNEEL WAS SUPPORTED BY AN OVERWHELMING WEIGHT OF EVIDENCE OR WAS ARBITRARY AND CAPRICIOUS.**

¶16.     MDHS argues that the circuit court's decision to uphold McNeel's reinstatement goes against the overwhelming weight of evidence indicating that McNeel did entertain a conflict of interest and that a per se breach of MDHS policy occurred. In support of its argument, MDHS claims that social workers should not "be allowed to adopt a [child] they become attached to through their professional endeavors [because] . . . No natural parent would ever regain custody once an MDHS social worker decided they would prefer to have the child. [A.B.'s] mother certainly will not." This argument fails to recognize that McNeel's husband, Billy, did not adopt A.B. but was merely appointed as her guardian, which is not a permanent situation and does not prevent A.B.'s mother from regaining custody.

¶17.     Next, MDHS argues that it presented overwhelming evidence supporting its decision to terminate McNeel's employment. To examine the EAB's role and the burden of proof required in an appeal of this nature, it is helpful to begin with the applicable laws and then consider the resulting administrative regulations and guidelines.

¶18.     In pertinent part, Miss. Code Ann. § 25-9-131(1) (Rev. 2003) states:

> Any employee in the state service may appeal his dismissal or other action adversely affecting his employment status to the employee appeals board created herein. The proceedings before the employee appeals board shall be de novo, and the employee shall be afforded all applicable safeguards of procedural due process.

Additionally, Miss. Code Ann. § 25-9-132 (Rev. 2003) outlines the procedure for review of a state agency's dismissal of an employee:

> Any employee aggrieved by a final decision of the employee appeals board shall be entitled to judicial review thereof in the manner provided in this section.
>
> (1) An appeal may be taken by such employee to the circuit court of the principal county of the employee's employment or the Circuit Court of the First Judicial District of Hinds County, by filing a petition with the clerk of such court and executing and filing bond payable to the state of Mississippi with sufficient sureties to be approved by the clerk of the court, in the penalty of five hundred dollars ($500.00), conditioned upon the payment

6

of all costs of appeal, including the cost of preparing the transcript of the hearing before the employee appeals board. The petition and bond shall be filed within thirty (30) days of the receipt of the final decision of the employee appeals board. Upon approval of the bond, the clerk of the court shall notify the employee appeals board, which shall prepare its record in the matter and transmit it to the circuit court.

(2) The scope of review of the circuit court in such cases shall be limited to a review of the record made before the employee appeals board or hearing officer to determine if the action of the employee appeals board is unlawful for the reason that it was:

(a) Not supported by any substantial evidence;

(b) Arbitrary or capricious; or

(c) In violation of some statutory or constitutional right of the employee.

(3) No relief shall be granted based upon the court's finding of harmless error by the board in complying with the procedural requirements of sections 25-9-127 through 25-9-129; provided, however, in the event that there is a finding of prejudicial error in the proceedings, the cause may be remanded for a rehearing consistent with the findings of the court.

(4) Any party aggrieved by action of the circuit court may appeal to the supreme court in the manner provided by law.

(5) In each controversy in which the employee appeals board assumes jurisdiction, the state personnel board shall assess the respondent state agency a reasonable fee to defray the cost of recording the hearing. The state personnel board is hereby authorized to contract with certified court reporters to record hearings before the employee appeals board.

This Court has ruled that the de novo review of the EAB is tempered by the EAB's own rules. In

*Johnson v. Mississippi Department of Corrections*, 682 So. 2d 367, 370 (Miss. 1996), this Court

held that under then Rule 20(b), "the EAB shall not alter the action taken by the agency, if the agency has

acted in accordance with the published rule and if the personnel action taken by the agency is allowed

under the guidelines." With the 1999 revisions, this rule is now State Personnel Board Rule 10.40.22(B),

allowing:

The Employee Appeals Board may modify an action of a responding agency but may not increase the severity of such action on the appealing party. If the responding agency has acted in accordance with the published policies, rules and regulations of the State Personnel Board, and if the personnel action taken by the responding agency is allowed under said policies, rules and regulations, the Employee Appeals Board shall not alter the action, including but not limited to the compensation paid to the employee, taken by the agency.

This rule must be considered along with the other rules, including SPB Rule 10.40.19 (Rev. 1999), defining the burden of proof: "B. The appealing party shall have the burden of proving that the action taken against the employee is arbitrary, capricious, against the overwhelming weight of the evidence and merits the relief requested." However, the rules are not at odds with one another as it is reasonable to note that had the agency correctly followed it rules, policies and procedure, it would likely not have taken action against the overwhelming weight of evidence or in an arbitrary or capricious manner.

¶19. This Court has defined substantial evidence:

Substantial evidence, though not easily defined, means something more than a "mere scintilla" of evidence, *Johnson v. Ferguson*, 435 So.2d 1191 (Miss.1983) and that it does not rise to the level of "a preponderance of the evidence." *Babcock & Wilcox Co. v. McClain,* 149 So.2d 523 (Miss.1963). It may be said that it "means such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Substantial evidence means evidence which is substantial, that is, affording a substantial basis of fact from which the fact in issue can be reasonably inferred." *State Oil & Gas Bd. v. Mississippi Min. & Roy. Own. Ass'n,* 258 So.2d 767 (Miss.1971). *United States v. Harper*, 450 F.2d 1032 (5th Cir.1971).

*Delta CMI v. Speck*, 586 So.2d 768, 773 (Miss.1991).

¶20. When an administrative agency's decision is not based on substantial evidence, it necessarily follows that the decision is arbitrary and capricious and

[a]n administrative agency's decision is arbitrary when it is not done according to reason and judgment, but depending on the will alone. An action is capricious if done without reason, in a whimsical manner, implying either a lack of understanding of or disregard for the surrounding facts and settled controlling principles.

*Miss. State Dep't of Health v. Natchez*, 743 So.2d 973, 977 (Miss. 1999); *See also Burks v. Amite County Sch. Dist.*, 708 So.2d 1366, 1370 (Miss. 1998).

¶21. This Court must review the decision of the hearing officer that was affirmed by the full EAB and the circuit court. After extensive testimony, the hearing officer found that MDHS's termination of McNeel was not supported by the overwhelming weight of the evidence. The hearing officer observed the testimony of witnesses and their demeanor and found that McNeel was not professionally involved with A.B. at the time her husband was appointed guardian. The hearing officer further found that McNeel did not discuss the child's home situation with the natural mother until after another MDHS employee contacted Billy about taking A.B. and that adopting the child, or taking her permanently from the natural mother, was never discussed.

¶22. The hearing officer emphasized his finding that there is a major difference between guardianship and adoption. He cited the Black's Law Dictionary definitions of the two terms following:

> Adoption is the taking and receiving as one's own that to which he bore no prior relation, colorable or otherwise. . . . The act of one who take's another's child into his own family, treating him as his own, and giving him all the rights and duties of his own child. . . . A juridical act creating between two persons certain relations, purely civil, of paternity and filiation. . . . The relationship created statutory status, not a contractual relation.
> A guardian is a person lawfully invested with the power, and charged with the duty, of taking care of the person and managing the property rights of another person, who for some peculiarity of status, or defect of age, understanding, or self-control, is considered incapable of administering his own affairs.

¶23. Though the MDHS avers that its termination decision should not be reversed because MDHS rules and regulations were followed in the process, the record does not indicate substantial evidence to support its allegations. The record consists of letters from various members in the community, testimony from Billy and Carolyn McNeel, testimony from McNeel's co-workers and supervisors, and a few documents from A.B.'s file. The record clearly supports the hearing officer's findings that MDHS's allegations are not

supported by substantial evidence. Therefore, he was correct in ordering McNeel to be reinstated with back pay. Two appellate forums reviewed the hearing officer's decision and affirmed it. On this record this Court can only affirm.

**II. WHETHER THE FINDING THAT "THE ACTION OF CAROLYN K. McNEEL WAS NOT A WILLFUL VIOLATION OF STATE PERSONNEL POLICIES, THAT HER ACTIONS WERE NOT A CONFLICT OF INTEREST AND THAT SHE DID NOT VIOLATE POLICIES OF THE MISSISSIPPI DEPARTMENT OF HUMAN SERVICES" WAS RELEVANT TO A CHARGE OF GROUP III, NUMBER 11, "ACTS OF CONDUCT . . ."**

¶24. MDHS clarifies that the SPB defines a Group III, Number 11 offense as:

> Acts of conduct occurring on or off the job which are plainly related to job performance and are of such nature that to continue the employee in the assigned position could constitute negligence in regard to the agency's duties to the public or to other state employees.

Mississippi State Employees Handbook 62-63 (Rev. 2001). The conduct MDHS calls a breach of this regulation the allegation that McNeel approached the birth mother and offered her home to a child known to her through her professional involvement with the child's family. However, after hearing the evidence presented, Hearing Officer Mason found that the allegation was not supported by the evidence. The evidence included a letter written by the birth mother denying the allegation that McNeel approached her and also included were letters from members of the community detailing Billy's acquaintance with the child prior to and beyond McNeel's contact with A.B. as a social worker for the Winston County DHS.

¶25. This issue is a sub part of the first issue discussed above. We find that this issue is without merit.

**III. WHETHER THE EAB HAS THE AUTHORITY TO ALTER THE ACTION BY MDHS IN LIGHT OF RULE 24(B) OF THE EAB'S ADMINISTRATIVE RULES.**

10

¶26. The MDHS meant to appeal this issue in light of SPB Rule 10.40.22(B), which is discussed above. SPB Rule 10.40.24(B) (Rev. 1999) states, "the request must be filed within ten (10) calendar days after the date of the final order is filed." MDHS fails in its brief to provide a more precise citation or to quote the language of the rule or even to cite any applicable case law on the subject. This Court finds no merit in this issue as stated or argued.

## CONCLUSION

¶27. MDHS claims that the EAB hearing officer, the full EAB, and the circuit court all erred in finding that McNeel should be reinstated to her position with the Winston County DHS with back pay because her termination was not supported by substantial evidence and she showed substantial evidence to support her position. This Court finds no error in the record or in the hearing officer's order to reinstate with back pay. This Court finds that the decision of the Mississippi Employee Appeals Board was supported by the evidence, was not arbitrary or capricious, and does not violate any statutory or constitutional right. Therefore, this Court affirms the circuit court judgment affirming the decision of the Mississippi Employee Appeals Board.

¶28. **AFFIRMED.**

**WALLER AND COBB, P.JJ., EASLEY, CARLSON, GRAVES AND DICKINSON, JJ., CONCUR. DIAZ, J., NOT PARTICIPATING.**